v. Velez, 236377. May it please the court, good morning. My name is Andrew Freifeld. I represent Jordan Velez on this appeal. I did not represent Mr. Velez below. Unless the court wishes otherwise, I aim to spend the bulk of my time addressing the issue we've raised regarding the order of restitution. Two facts in this case distinguish this case from all of the cases that the government cites in its brief, which, by the way, are all summary orders. But that said, in this case, the plea agreement specifically said Mr. Velez is going to pay $172,000 in restitution. At the change of plea hearing, the district court specifically said, Mr. Velez, you're going to be ordered to pay $172,000 in restitution. Both of those, it appears, may I submit, the government appears disingenuous here. If they didn't object to the fact that the court told my client that at the plea hearing and they included that in the plea agreement that they drafted, they look a little disingenuous here saying that was an error. Counsel. Yes, Your Honor. Let's assume that this is the unusual case where even though there's a generic statement that the court can change the agreement, that this was so clearly the agreement that your client relied on it. Does your client want to take back the plea? I mean, after all, one can say, okay, you don't like it, take back the plea. No, he likes the- Is that what you want? No, he likes the plea. He wants the plea, he just doesn't want- Yeah. He wants it enforced. Well, he wants the plea, but he has a right, if the thing is changed, he has a right to take back the plea. Okay. And he doesn't have a right to have what the law doesn't require, does he? He certainly doesn't have a right to have what the law doesn't require, but I don't see why the law wouldn't require specific enforcement of the provision of the plea agreement and a specific enforcement of that which the district court promised. That's what he's  So there's no dispute that plain error is the standard of review on this issue. However, if I'm reading the government's brief accurately, the government is arguing that there was no error at all. In other words, the government is claiming that a district court has an independent duty to determine the amount of restitution, regardless of any stipulation in a plea agreement as to its amount, and regardless of any promise the district court may make at a change of plea proceeding regarding the amount of restitution. But why would either party, a defendant or the government, ever stipulate to an amount of restitution if the district court is going to determine the amount regardless of the stipulation? If the government is correct, there'd be no reason for a party to enter into a plea agreement regarding restitution. Indeed, the argument flies in the face of congressional intent, as both the VWPA and the MVRA allow the parties to enter into an agreement regarding restitution. And if the agreement wasn't supposed to be binding, then Congress would have made no such provision for an agreement. And the holding of the Gottesman case, upon which we rely, states exactly that. Isn't there a distinction between Gottesman and this case? Not that I'm aware of. So Gottesman involved a tax offense where restitution was based on the party's agreement? Yes. And here, we have enumerated offenses that independently trigger restitution. Is that right? Yes. Why isn't that a meaningful difference? I don't see that as a meaningful difference at all. Why... I don't see that... The government doesn't... That is the distinction that the government makes, but it's not a meaningful difference. And they don't even... I'm not even clear from the government's brief why it's a meaningful difference. If the parties stipulate as to the amount of restitution, then it should be enforced regardless of whether the restitution arises from a plea agreement or under the statute. With respect to a mandatory restitution regime, wouldn't that position effectively allow parties to contract around mandatory restitution as Congress enacted? Yes, it would. But I don't see that... But I believe that Congress provided for that by allowing for the plea agreement. And by the way, that would only apply, of course, under the MDRA, not under the DWRA. Even in the face of mandatory restitution? Yes. You can make an agreement apart? Yeah, I don't see why you can't, actually. I don't see why you can't. If a statute requires mandatory restitution, you can make an agreement that is not that? No, you can make an agreement... You can't make an agreement saying there's not going to be restitution, but you can make an agreement regarding the amount of restitution. And that is not the mandatory? The statute doesn't specify the amount, but is the full amount? The statute does provide for the manner by which the restitution is going to be determined. There is no question about that. But Congress, at the same time, allowed the parties to enter into a plea agreement. Now, in this case, we have to send it back for any number of reasons, don't we? Yes, Your Honor. There were mistakes of various sorts, including the question of whether five years supervised release was mandatory or not. Yes, Your Honor. Isn't an appropriate thing in a case like this, then, to send it back and have an agreement either be made or not by your client, to accept that the court seems to want full restitution and everything else, and you can pull out of the agreement or not? Well, I don't think so, because then the court would be... You want to have part of it, but not the other part. You want to have your cake and eat it, too. Well, I'm only asking that the law be applied the way it was. If I'm correct on the law, that the plea agreement must be so ordered, especially after the district court adopted it at the plea hearing, then I'm not asking for anything that's... So let me ask you something, because you mentioned in answer to, I think, the question that I posed, that your analysis applied to the MVRA, the Mandatory Restitution. But let's assume that the Victim and Witness Protection Act applies. Why isn't it the case that the district court satisfied the VWPA's requirement that it consider Velez's ability to pay when it declined to impose a fine in light of Velez's lack of resources? I admit that there is such law in the circuit, but there's certainly nothing indicating that the court considered that, his ability to repay the restitution. You know, I'm not disputing, Your Honor, that restitution should have been so ordered. That's not really... I'm not disputing that at all. Restitution should have been so ordered. And so merely because it follows that, if I'm correct, then the $172,000 should be so ordered. There's no reason... You're really talking about the amount, right, the difference in amount? Yes. So... I'm not disputing that restitution should have been so ordered. I wish to make that as clear as possible. Didn't your client acknowledge that no one had promised him what his sentence would be, and presumably what restitution amount there would be? Well, the answer is no. I don't find that within the four corners of the change of plea proceeding. The most that it shows is that the court promised that the court would not be adopting... would not necessarily be adopting the sentencing guidelines to which the parties had stipulated, and that the court was not bound by the government's promise to not argue for more than 192 months. Never did the court specifically say that I'm going to determine each and every element of sentence, and to the extent that it did, it simultaneously said, I'm going to order $172,000 of restitution. So to the extent that it did, it appeared to have carved an exception to that rule, that I determine the sentence. And again, it never said that. That I determine the sentence. However... So when a district court judge says that the judge is not bound by the plea agreement, how do we analyze that in the context of restitution? That may be... That may... That's a different case. That is certainly not presented here, because the court never said that. To the contrary, the court said, I'm ordering $172,000 in restitution. The answer to your question, though, is, in my assessment, even though that's not presented here, the agreement should still be so ordered, or else the parties wouldn't stipulate at all. And again, there's a summary order that the government relies on. I believe it's a U.S. thesis ELI, where the court said prior to sentencing, a few days before sentencing, the court let the parties know, I took a look at the plea agreement, I'm not comfortable with the amount of restitution that was ordered there, and I'm giving you notice right now that I'm going to be changing that. Also unlike this case. I mean, summary orders are what they are, but it is... There's a strong preference to treat cases alike, even in the context of cases that are disposed of summarily. Yes, and this case is not like that, because the district court only said I'm going to so order the amount that we have determined. It never announced that it was going to order something else until it was so ordered. So I think you reserve some time for rebuttal, is that correct? Yes, Your Honor. Thank you. So we'll hear from the government, and then we'll hear from you again. Good morning. Good morning. Good morning. May it please the court, Shand Edwards Balfour, on behalf of the United States, on the appeal. Talk right into the microphone, please. There were three real issues before the court here on appeal, but what I'll discuss mostly is the restitution amount that the appellate just brought up. Mr. Velas cannot show plain error in the court awarding restitution in the full amount of $200,016. So if the court wasn't bound by the plea agreement restitution amount, what's the point of including specific restitution amounts in plea agreements at all, at least where there's an independent statutory basis for restitution? So in the plea, the restitution amount was an estimate of what, at the time, the parties believed that was due and owing to the victims. In the plea, it also noted that the restitution, the plea also cited the MVRA, which noted that restitution is mandatory for all victims. So having the number there was more of an estimate. So the plea agreement actually says estimate? No, the plea agreement does not say estimate. But at the pleading stage, the judge told the defendant at the pleading stage that the sentencing may be different than what is in the agreement. Oh, what he's saying is that the sentencing may be different. Yeah, I understand that, but restitution is another matter altogether. Yes. Now, is the amount in fact required with respect to this particular person? The MVRA applies as to one of his pleas, but not as to the other, does it? At least we have not held that one of his pleas required this. So is it that clear on our law that the full amount is required? Yes, it is. On our law? It's clear on this because the plea agreement cited the MVRA, and the MVRA applies to the total amount of victims' losses here. So it would apply to all the victims, including all the CVS pharmacies that were robbed in this case. Now, do you agree that the five-year supervised release has to be reconsidered because the court believed that it was mandatory, but it wasn't? Yes. So the parties do agree that this matter should be remanded to the district court for the district court to re-sense its defendant for supervised release. But if we are going to send back, I mean, you know, there was an awful lot of mix-up down here in the district court. Let's face it, two things which are clear errors, and then this business of a restitution. Why isn't the appropriate thing simply to start from the beginning and say what kind of an agreement do we want to have? Does the government buy that? Is this specifically with respect to the supervised release?  Also, the idea is if we're going to send it back, why not send back this restitution issue, even though we understand that the review is on plain error? What's the harm? The harm is that the restitution would still be the same amount, and the victim should not be penalized by changing the restitution amount. So I think no matter what would happen, the restitution amount wouldn't change unless evidence of more victim losses were to occur. So the reason we're on plain error is because there was no objection, right? And presumably on remand, there would be some argument relating to the appropriate amount. The appropriate amount is reflected in the plea agreement or some higher amount. And Mr. Freifeld, your friend on the other side, is saying that it was error to— a plain error to stray away from the amount reflected in the plea agreement. That's what he bargained for, and that was what was required. Why can't we send it back? Because it was not plain error. This court has found that before when courts have ruled— have decided to award restitution in a higher amount under the MVRA, even though it wasn't in the initial plea, that that wasn't plain error because they were awarding restitution in the full amount of victims' losses, even though that had not been reflected in the plea. Would the government object if we sent it back and said, you have a right to withdraw your plea because you thought you were pleading to something, but you're pleading to something else, so you can pull out of a plea or you can stay into it? I think that would be a more appropriate approach to this issue rather than— I'm asking whether the government would find that acceptable. For the defendant to withdraw his plea? Well, to say you can withdraw your plea, but if you don't withdraw your plea, you're stuck with a full restitution amount. The government would find that more acceptable. More or acceptable? More is not— As an initial matter, the government doesn't believe that should happen, but yes, the government would find that acceptable if the court were to find that. Thank you. Okay. So I'm pretty sure that you have not been speaking to us for 25 minutes. Is there something wrong with the clock? Mr. Corwin-Deputy? Corwin, hello? Yeah, I'm also sorry. Why don't we put it at maybe four minutes, three minutes? Are you— Well, it's at 1556, so— You know what will work. That's not— There you go. There we go. Is that okay with you, counsel? Yes. Yes, it is, Your Honor. Is there anything further? So the other two issues that were really in dispute here, as we discussed before, are the supervised release term, and for that, the parties agreed that this should be remanded to the district court for the district court judge to determine what the judge finds to be the appropriate amount of supervised release. Okay. And the last issue is whether or not there was ineffective assistance of counsel. The government believes the facts have not been sufficiently developed. On the record, the counsel who represented Mr. Velez in the district court has not provided an affidavit or explained his reasoning for why he didn't— But if we send it back and allow the whole thing to be redone, aren't we mooting the whole issue of ineffective assistance of counsel? Because we'll ask that of the other side, but they can then argue what they would argue anyway. If, in effect, we're not treating it as plain error, we're sending it back, then the issue is moot, isn't it? That is correct. Because the government has conceded that it should be sent back, yes, that is correct. Of course, Mr. Freifeld does not want to undo the plea agreement. That's right. So let me just ask you briefly while you still have some time. You make a fairness argument that relies pretty heavily on Mr. Velez being on notice about potential restitution. Is that right? Yes. Okay. Isn't there a difference between being generally aware that restitution is going to be imposed versus understanding the specific amount? There is a difference, yes. Okay. What's the difference? So Mr. Velez was told that restitution was going to be mandatory, and he was told a certain amount. That is clear on the record. However, in the plea agreement and when the judge was talking to him at the pleading stage, the judge did say that your sentence here that is estimated in the plea may be different from what you ultimately get as your sentencing. Does that clearly, when a judge says that, and I was in your position at some point, and when a judge talks about a sentence, most people think about a sentence of imprisonment or some other form of confinement or probation plus supervised release. And then restitution is another conversation. So you're telling me that when the judge, in reference to a plea agreement or otherwise, refers to the fact that a sentence may be different, that includes restitution and we should view it that way? Well, the sentence, specifically when they're talking about that part, yes, the judge is, it's usually in reference to the time of incarceration. And not restitution. But when we're talking about a sentencing, I would say it encompasses the whole, which would include sentencing, which would include a potential fine. That is part of the defendant's entire sentence. Well, maybe if a court had said it that way. But the problem with this case is that they could have talked only about the sentence part without restitution. You know, I can understand the court saying, remember, everything can be changed. But that isn't what this court said. Conceitedly, the record is a little unclear on that point. It certainly is. Thank you. Anything further? Seeing no further questions, the government will rest on its papers. Thank you. Thank you very much. Appreciate it. We have no complaints with the way that the change of plea proceeding was conducted. I want to make that clear. That said, it was a pretty nip and tuck proceeding. It was done very quickly. It was over fast. What is a nip and tuck proceeding? It was over quickly. That's all I need to say. Never undergo. Pardon me if I misused that expression. The court, unlike most change of plea proceedings, the court never even said that I have the power to impose a sentence that's different than what's set forth in the plea agreement. They do mention that I'm not bound by the- But if they had- Yes. What would you have done? And this is my problem. Suppose the court had said, look, I can change this. You might have said, oh, then I withdraw my plea. And if that is what you would have done had they done that, why, if we give you that opportunity, aren't we putting you just in the position of where you would have been if the court had done the right thing? And you're referring specifically to the restitution, right? Yeah. If the court had said, I'm not bound by this restitution- That's right. And if you don't like it, you can pull out. I haven't discussed the matter with my clients, so I can't make a representation to you today. How can you show plain error? How can you show plain error? How can you show prejudice? If what? I mean, if you are not prepared to say here that he would have withdrawn his plea and worked for a lower restitution amount, done whatever, then how can you demonstrate plain error? How can you demonstrate real prejudice in the context of this appeal? The issue is not presented. That issue is not presented to this court right now. I've never discussed the matter with my client as to whether or not he would have pulled out of the deal if the restitution was different. I haven't. And the government didn't make the argument in its brief, which might have ticked me off to make that discussion. But what if we give you that opportunity now? Then you can discuss it with your client. And then he might say yes or he might say no. But then, if that is so, there's no prejudice at all, is there? Or is there? I mean, what is the prejudice? The prejudice is he has to pay about $40,000 in restitution that he didn't agree to. Yeah. That's not insubstantial. No, that certainly isn't. But in any event, today, you don't want to undo this plea agreement. You want just a lower restitution amount. Yeah. I want specific performance of what was promised him, both by the government and by the district court. Good. All right. Well, thank you. Thank you, Judge. Thank you. Court reserved decision.